IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jerome Cochrane,<br><br>                      Plaintiff,<br><br>     vs.<br><br>Director Glover, Parole Board,<br>South Carolina Department of<br>Probation, Parole, and Pardon<br>Services,<br><br>                      Defendant. | Civil Action No. 6:10-cv-1360-JFA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the parties' competing motions for summary judgment. The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Defendant Glover is the Director of the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY**

The plaintiff filed his complaint on May 26, 2010. The defendant filed his answer on August 25, 2010, and an amended answer on August 27, 2010. On August 25, 2010, the defendant filed a motion for summary judgment. By order filed August 26, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on September 17, 2010. Thereafter, on November 30, 2010, the plaintiff filed his own motion for summary judgment,

with the same supporting memorandum filed with his September 17th response in opposition. On December 10, 2010, the defendant filed a response in opposition to the plaintiff's summary judgment motion.

**FACTS PRESENTED**

The plaintiff was convicted of murder in Charleston County, South Carolina, in 1976 and sentenced to life imprisonment, with parole eligibility after the service of 10 years. At the time of his conviction, the parole board re-investigated parole eligibility every two years for those inmates, like the plaintiff, sentenced to 30 years or more (doc. 20-7). In 1981, South Carolina Code Section 24-21-620 was enacted to authorize the annual review of parole eligibility of all inmates. In July 1985, the plaintiff made his first appearance before the Parole Board, which denied him parole. In 1986, Section 24-21-620 was amended to limit annual parole reviews to non-violent criminals, and Section 24-21-645 was enacted to limit parole eligibility review for violent criminals, such as the plaintiff, to every two years. He has since appeared 13 more times before the Parole Board, and he has been denied parole each time. Following his most recent denial in July 2010, the plaintiff filed this action, claiming that the biannual review of his parole eligibility violates the ex post facto clause and that he has been denied equal protection and due process. He claims the defendant is responsible for these constitutional violations due to his position and supervisory responsibilities over the Parole Board, though the plaintiff expressly sues the defendant in his individual capacity, rather than in his official capacity. He seeks $10 million dollars in damages from the defendant.

The defendant denies the plaintiff's allegations, pointing out that the plaintiff was subject to biannual parole reviews at the time of his conviction and, as such, the reinstatement of biannual reviews does not offend ex post facto principles. He also denies the plaintiff's other allegations, responding that the plaintiff is receiving due process in the parole review procedure and is being treated the same as similarly situated inmates. He further contends that he is

entitled to immunity under the Eleventh Amendment. The defendant also asserts that the plaintiff has failed to state a claim on which relief can be granted.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or

3

denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

*Dismissal for Failure to Plead Personal Allegations/*
*Eleventh Amendment Immunity*

Despite expressly suing the defendant in his individual capacity, the plaintiff's sole allegation of the defendant's involvement is as follows: "Mr. Glover as supervisor learned of my situation and participated in the violation and failed to do anything to fix the situation" (comp. at 5). The plaintiff provides nothing to establish an elemental basis that the defendant personally acted or failed to act in violation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). Furthermore, to the extent the plaintiff seeks to hold the defendant liable in his supervisory capacity, the doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge*, 550 F.2d at 928-29. The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's

4

inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to make such a showing here.

While the Eleventh Amendment does not bar suits against government officials in their individual capacities, this principle is inapplicable here, as the only allegation levied against the defendant arises from his performance, or alleged lack thereof, in his official capacity as the Director of SCDPPPS and his supervision over the Parole Board. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore is no different from a suit against the State itself.").

The SCDPPPS and the Parole Board are state agencies or departments and are immune from monetary damages. *See Loftin v. S.C. Probation & Parole*, 2008 WL 68630 (D.S.C.2008) ("The South Carolina Department of Probation, Parole & Pardon Services is entitled to summary dismissal under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department."). Accordingly, despite the plaintiff's procedural maneuver to pursue the defendant in his individual capacity, his claim fails.

***Constitutional Claims***

In addition to recommending the dismissal of the plaintiff's case for the reasons cited above, the court takes the opportunity to address the constitutional claims raised by the plaintiff. When the plaintiff was convicted of murder in 1976, South Carolina law provided for biannual reviews of parole eligibility, which is the same frequency of review to which he is entitled today under South Carolina Code Section 24-21-645.[1] In a nearly identical case, *James v. SCDPPPS*, 656 S.E.2d 399 (S.C. Ct. App. 2008), the South Carolina Court of

---

[1] S.C. Code Ann. Section 24-21-645 (Supp. 2009) ("[U]pon a negative determination of parole, prisoners in confinement for a violent crime as defined in Section 16-1-60 must have their cases reviewed every two years for the purpose of a determination of parole....").

5

Appeals explained that the 1986 enactment of Section 24-21-645 in effect reinstated biannual parole reviews for violent criminals who were convicted prior to 1981, when another statute, Section 24-21-620, was enacted to authorize parole reviews on an annual basis: "because James remains subject to biannual parole reviews, as was the law in 1978, there is no ex post facto violation in this case. The Department is simply applying the law in effect at the time James committed his crimes, not retroactively applying Section 24-21-645." *Id.* at 403. "An ex post facto violation occurs when a change in the law retroactively alters the definition of a crime or increase the punishment for a crime." *Jernigan v. State*, 531 S.E.2d 507, 509 (S.C. 2000). Because the plaintiff is receiving the same biannual parole reviews now as he was when he was convicted of murder, he cannot show that his punishment has been increased. Accordingly, there is no ex post facto violation.

Moreover, the plaintiff's equal protection claim fails, as he has failed to demonstrate that he is being treated differently from similarly situated inmates, those incarcerated for a violent crime committed in South Carolina prior to 1981. Indeed, as seen in the *James* case cited above, the South Carolina Court of Appeals has ruled that biannual parole review is appropriate for all inmates convicted of a violent crime prior to the enactment of Section 24-21-620 in 1981.

Finally, the plaintiff's claims of procedural due process violations are unfounded. While the Fourteenth Amendment does not confer a liberty interest in parole itself, it does protect a liberty interest in parole eligibility conferred by statute. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir.1996). As such, the plaintiff is entitled to a hearing before an impartial board and notice of the result of that hearing. He received just that at his last hearing before the Parole Board in July 2010, as set out in the defendant's motion for summary judgment (def. m.s.j. at 2, ex. 3). While the plaintiff may not like the conclusory pronouncement of the Parole Board, he was undoubtedly afforded due

6

process. As for the plaintiff's claim that he is entitled to information considered by the Parole Board so as prepare for his next parole hearing or appeal, such request goes beyond the minimal process due him in a parole setting. *See Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977) (per curiam) ("[W]e discern no constitutional requirement that each prisoner receive a personal hearing, have access to his files, or be entitled to call witnesses in his behalf to appear before the Board. These are all matters which are better left to the discretion of the parole authorities."). Moreover, as argued by the defendant, much of the information sought would be privileged by state statute as the information is gathered by probation officers charged with pre-parole investigations:

> All information and data obtained in the discharge of his official duty by a probation agent is privileged information, is not receivable as evidence in court, and may not be disclosed directly or indirectly to anyone other than the judge or others entitled under this chapter to receive reports unless ordered by the court or the director.

S.C. Code Ann. § 24-21-290. Federal courts must allow state parole authorities wide discretion, *Franklin*, 569 F.2d at 800, and must not become involved in the merits of either the state's parole statute or its individual parole decisions. *Vann*, 73 F.3d at 522.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment (doc. 20) be granted and the plaintiff's motion for summary judgment (doc. 30) be denied.

IT IS SO RECOMMENDED.

December 16, 2010                               s/Kevin F. McDonald
Greenville, South Carolina               United States Magistrate Judge