UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Cochrane, ) | C/A No. 6:10-1360-JFA-KFM |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Director Glover, Parole Board, South Carolina ) | |
| Department of Probation, Parole, and Pardon ) | |
| Services, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Jerome Cochrane, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional and due process rights in relation to his parole denials. Specifically, plaintiff alleges that the biannual review of his parole eligibility violates the ex post facto clause and as a result, he has been denied equal protection and due process. He seeks $10 million in monetary damages from the defendant.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the defendant's motion for summary judgment should be granted. In recommending that summary judgment be granted, the Magistrate Judge relies primarily upon the protections afforded by the Eleventh Amendment to the United States Constitution. The Magistrate Judge then goes forward and, assuming that the Eleventh

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Amendment does not bar this action, concludes that all the constitutional claims fail on their merits in any event. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on December 16, 2010. The plaintiff filed timely objections to the Report which the court will address herein.

The plaintiff was convicted of murder in 1976 and sentenced to life imprisonment with parole eligibility after he had served 10 years. At the time of his conviction in 1976, the South Carolina Parole Board re-investigated parole eligibility every two years if an inmate was sentenced to 30 years or more. Then, in 1981, South Carolina Code § 24-21-620 was enacted to authorize the annual review of parole eligibility of all inmates.

Plaintiff's first parole denial occurred in July 1985. The following year, in 1986, § 24-21-620 was amended to limit annual parole reviews to "non-violent" criminals and § 24-21-645 was enacted to limit parole eligibility for "violent" criminals to every two years.

Since the denial of his first parole in 1985, plaintiff has appeared unsuccessfully more than thirteen times before the Parole Board. The defendant notes in his motion for summary judgment that the plaintiff was most recently denied parole on July 14, 2010 due to (1) the nature and seriousness of a current offense; (2) an indication of violence in this or a previous offense; (3) the use of a deadly weapon in this or a previous offense; (4) a prior criminal record indicating poor community adjustment; and (5) his institutional record was unfavorable.

After the July 14, 2010 denial of parole, the plaintiff filed a request for reconsideration which the Parole Board denied. Plaintiff then filed an appeal before the Administrative Law Court (ALC) which remains pending. A copy of the appeal is not a part of this record.

*Eleventh Amendment Immunity*

The Magistrate Judge first recommends that this action be barred because of Eleventh Amendment immunity. The Magistrate Judge notes that the plaintiff expressly sues the defendant, the Director of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) in his individual capacity. Plaintiff's sole allegation of the defendant's involvement is that he learned of the situation and "failed to do anything to fix the situation." As the Magistrate Judge notes, the plaintiff provides nothing to establish an elemental basis that the defendant personally acted or failed to act in violation of his constitutional rights. Moreover, because the doctrine of respondeat superior is generally inapplicable in § 1983 suits, there is no basis for holding the SCDPPPS liable in this case on a respondeat superior theory. To the extent the claim is asserted against the Board itself, the Magistrate Judge correctly notes that the Board is a state agency and is immune from monetary damages. *See Lofton v. S.C. Probation & Parole*, 2008 WL 68630 (D.S.C. 2008).

In objecting to this portion of the Report, the plaintiff essentially asks this court to ignore settled law in this area. He asserts:

> This court should treat the allegations of the complaint as raising a sufficient claim, even if plaintiff has not cited the correct legal theory.

Obj. Mem. at 2.

3

The plaintiff also contends that the "essence" of his claims "go[es] to the core of constitutionally protected rights." *Id.* at 3. He contends that the classification of his criminal offense as "violent" is a violation of ex post facto principles. The plaintiff was convicted of murder which was and remains a violent offense under South Carolina law. This objection is unavailing.

Plaintiff then asserts that liability may be imposed upon the Parole Board "because higher officials failed to train or supervise subordinates, thereby establishing the higherup's liability." *Id.* at 3. Although supervisory liability may be premised upon a failure to train or supervise, that doctrine has nothing to do with the facts of this case. This is not a situation where rank and file employees of an agency violate someone's constitutional rights because they were not properly trained or supervised. Rather, in this instance, the Parole Board was carrying out policy established by the State of South Carolina.

Finally, plaintiff reiterates his contention that the defendant is being sued in his individual capacity, rather than his official capacity. As the Magistrate Judge points out, however, the only allegation levied against the defendant in this action arises from his performance in his official capacity as Director of the SCDPPPS. The court finds no merit to any of the objections raised by the plaintiff to the Eleventh Amendment issue.

The Magistrate Judge then goes forward and addresses the constitutional claims on their merits and finds the claims to be unavailing.

*The Constitutional Claim*

The defendant contends that at the time of the plaintiff's conviction in 1976, the

4

plaintiff was subject to biannual parole reviews and that the reinstatement of biannual reviews in 1986 does not offend ex post facto principles.

The Magistrate Judge notes that when the plaintiff was convicted of murder in 1976, South Carolina law provided for parole eligibility review every two years, which is the same frequency of review to which he is entitled to today under S.C. Code Ann. § 24-21-645. The 1986 enactment of § 24-21-645 in effect reinstated biannual parole reviews for violent criminals who were convicted prior to 1981.

Here, the plaintiff is receiving the same biannual parole review now as he was when he was convicted of murder; his punishment has not increased. Thus, without a change in the law that retroactively alters the definition of a crime or increases the punishment for a crime, no ex post facto violation occurs. *Jernigan v. State*, 531 S.E.2d 507, 509 (S.C. 2000); *see also, James v. SCDPPPS*, 656 S.E.2d 399 (S.C. Ct. App. 2008).

In *James*, the Supreme Court noted its holding in *Jernigan*: "the retroactive application of a state statute (§ 24-21-645 of the South Carolina Code) changing reviews for parole eligibility for violent offenders from annual to biannual constitutes an ex post facto violation." *Id*. at 397. The court noted, "The law existing at the time of the offense determines whether an increase of punishment constitutes an ex post factor violation."

The Magistrate Judge opines that the plaintiff's claims for equal protection fail because he has not demonstrated that he is being treated differently than similarly situated inmates. Plaintiff's claims of procedural due process also must fail because plaintiff has received his statutorily conveyed parole hearings before an impartial board and proper notice of the results. He is entitled only to minimal process during a parole hearing. *Vann v.*

5

*Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). Additionally, his request for access to information considered by the Parole Board is beyond the minimal procedure and such information is privileged. S.C. Code Ann. § 24-21-290.

As the Magistrate Judge correctly opines, this court must not involve itself in the merits of either the State's parole statute or its individual parole decisions, *Vann* at 522, and must allow the State parole authorities wide discretion in their decisions. *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977).

In objecting to this portion of the Report and Recommendation, plaintiff contends that at the time of his offense (1976), crimes were statutorily defined as misdemeanor and felony (his murder charge, of course, being a felony). He contends that there existed no statutory definition of "violent" criminal offenses with the exception of armed robbery.

Plaintiff also asserts that S.C. Code Ann. § 16-1-60 has a savings clause which provides that all provisions pending and all rights and liabilities existing acquired or incurred at the time this act takes effect are saved. He says that this expands the criminal classification beyond that provided in provisions § 17-25-20 and 30 and imposes a harsher classification, which ultimately subjects him to biannual (for violent) rather than annual (non-violent) review.

These claims were all considered and rejected by the Magistrate Judge in recommending that summary judgment be awarded to the defendant. This court, after carefully having conducted the required de novo review, agrees with the Magistrate Judge that summary judgment is appropriate.

CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law and the Report is incorporated herein by reference.

Accordingly, the defendant's motion for summary judgment (ECF No. 20) is granted and plaintiff's motion for summary judgment (ECF No. 30) is denied.

IT IS SO ORDERED.

March 16, 2011                          Joseph F. Anderson, Jr.
Columbia, South Carolina            United States District Judge